12067-88119 (BDB)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

R.W. HICKS ENTERPRISES, INC.,

      Plaintiff,

v.

OWNERS INSURANCE COMPANY,

      Defendant.

Docket No. _____
JURY DEMANDED

---

## NOTICE OF REMOVAL

---

      Defendant Owners Insurance Company (hereinafter "Defendant") submits this Notice of Removal and notifies the Judges of the United States District Court for the Western District of Tennessee; Pam Carter, the Clerk of the Chancery Court of Madison County, Tennessee; and Plaintiff that this action, which was filed in the Chancery Court of Madison County, Tennessee under Docket No. 77393, is removed to the United States District Court for the Western District of Tennessee, Eastern Division.

      1.      On December 28, 2018, Plaintiff filed a civil action bearing docket number 77393 against Defendant in the Chancery Court of Madison County, Tennessee. Plaintiff seeks damages against Defendant for alleged breach of its insurance contract in connection with Plaintiff's claim of property damage which Plaintiff allegedly sustained as a result of storm event occurring in Jackson, Madison County, Tennessee on or about December 28, 2016 and/or March 27, 2017.

      2.      According to Plaintiff's Complaint (included in attached **Exhibit 1**), Plaintiff is a Tennessee corporation with its principal place of business in Jackson, Madison County, Tennessee. Defendant is an Ohio corporation with its principal place of business located in Allen County, Ohio. (**Exhibit 1**; Affidavit of Adam Beam, copy attached hereto as **Exhibit 2**)

3.      Defendant has not been served with process in this case, but received actual notice of the filing of Plaintiff's Complaint on April 9, 2019. (**Exhibit 2**).

4.      This action is removable to this Court pursuant to 28 U.S.C. § 1332(a)(1) as it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00.

5.      Copies of the Summons, Complaint, and Return of Service, which are all the "process, pleadings, and orders" served in this action, are attached hereto as **Exhibit 1**, in accordance with 28 U.S.C. § 1446(a).

6.      A Notice of Filing Notice of Removal is being filed with the Chancery Court of Madison County, Tennessee.  A copy of such Notice is attached hereto as **Exhibit 3**.

7.      A Civil Cover Sheet is attached hereto as **Exhibit 4**.

**WHEREFORE, DEFENDANT** requests that this action, now pending in the Chancery Court of Madison County, Tennessee, Docket No. 77393, be removed to the United States District Court for the Western District of Tennessee, Eastern Division, as set forth herein.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.


By: s/ Michael L. Mansfield
   BRADFORD D. BOX, BPR #016596
   MICHAEL L. MANSFIELD, BPR #18781
   *Attorneys for Defendant*
   209 East Main Street
   P. O. Box 1147
   Jackson, TN  38302-1147
   (731) 423-2414
   bbox@raineykizer.com
   mmansfield@raineykizer.com

12067-88119 (BDB)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the following counsel by mailing postage prepaid or by delivery to the person or office of such counsel.

J. Brandon McWherter
Jonathan L. Bobbitt
Gilbert  McWherter  Scott  Bobbitt, PLC
*Attorneys for Plaintiff*
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067

Clinton H. Scott
Gilbert  McWherter  Scott  Bobbitt, PLC
*Attorneys for Plaintiff*
101 N. Highland Avenue
Jackson, TN 38301

This  8th  day of May, 2019.

s/ Michael L. Mansfield

# EXHIBIT 1

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE
## AT JACKSON

R.W. HICKS ENTERPRISES, INC.,

      Plaintiff,

v.                                  No. _____ 77393

                                         **JURY DEMANDED**

OWNERS INSURANCE COMPANY,

      Defendant.

*FILED ... A.M. ... P.M. DEC 2 8 2018 PAM CARTER CLERK & MASTER*

## COMPLAINT

COMES NOW the Plaintiff, R.W. Hicks Enterprises, Inc., and for its Complaint against Owners Insurance Company would state and show as follows:

### PARTIES AND JURISDICTION

1.      R.W. Hicks Enterprises, Inc. ("Plaintiff") is a corporation formed under the laws of the State of Tennessee, with its principal place of business located in Jackson, Madison County, Tennessee. At all times relevant hereto, Plaintiff had an insurable interest in the structures located at 367, 401, 407, 411, and 419 N. Royal St., Jackson, Tennessee and 239 E. Orleans St., Jackson, Tennessee. Each of the buildings referenced in the preceding sentence shall hereafter be referred to collectively as the "Insured Premises."

2.      Owners Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Madison County, Tennessee. Defendant's principal place of business is located in the State of Michigan and was organized under the laws of the State of Michigan.

1

3.      This Complaint originates as a result of a storm event that damaged the structures located at the Insured Premises, and Defendant's wrongful failure and refusal to promptly and fully pay Plaintiff for the insured losses it sustained.

4.      Jurisdiction and venue are appropriate in this Court.

## FACTS

5.      At all times relevant hereto, Plaintiff was the insured policyholder pursuant to an insurance contract whereby Defendant agreed to insure the buildings located on the Insured Premises against property damage, being Policy 064619-03763750-16 (the "Policy").

6.      Below is an aerial photo that depicts the location of the insured buildings, identified by address:



7.      As relevant hereto, the term of the Policy was April 14, 2016 to April 14, 2017. Prior to the 2016 renewal, Defendant had insured the buildings on the Insured Premises for more than a decade and renewed the insurance policy annually.

2

8.    At all times relevant hereto, the Insured Premises consisted of six buildings with various types of roofing surfaces, including but not limited to asphalt shingles, low slope roofing, modified bitumen roofing, roll roofing, metal, etc.

9.    The Policy provided insurance coverage for loss or damage to the buildings located on the Insured Premises.

10.   The Policy is an "all risk" policy, which means that it provides insurance coverage for all risks of direct physical loss to covered property unless the loss is specifically excluded or limited by the Policy.

11.   As set forth in the Policy's declarations, coverage for the buildings and structures on the Insured Premises is on a "replacement cost" valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

12.   Pursuant to the Policy and at all times relevant to this Complaint, Plaintiff paid a premium to Defendant in exchange for insurance coverage as set forth in the Policy. Plaintiff paid the required premiums at all times relevant to this Complaint.

13.   On or about December 28, 2016 and/or March 27, 2017, a severe storm event with high winds and large hail struck the Insured Premises, causing substantial damage to the buildings located on the Insured Premises (the "Loss"). As a result of the Loss, the buildings located on the Insured Premises suffered immediate and direct physical loss, including but not limited to, damage to the roofs and other exterior components, as well as interior water damage as a result of leaks caused by the storm.

14.   Prior to the Loss, the roofs of the building at the Insured Premises were well-maintained. The roofs were in good condition prior to the Loss, and there were no signs of

3

systematic failure or deficiencies that would be typical of a roof that had reached the end of its service life.

15.    The damage caused by the Loss to the roofs on the Insured Premises was typical of damage sustained to many roofs in the area during the December 28, 2016 storm event.

16.    Plaintiff promptly reported the Loss to Defendant in the spring of 2017 after discovering roof leaks.

17.    The Policy was in full force and effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

18.    After the Loss, Plaintiff fulfilled all duties imposed upon it by the Policy.

19.    Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and is at no fault in this matter, Defendant has failed to fully and promptly pay Plaintiff's claim for insurance proceeds.

20.    After the claim was reported, Defendant assigned the claim to one of its internal adjusters, Adam Beam. Mr. Beam inspected the Insured Premises on or around May 2, 2017. During Mr. Beam's initial inspection, he told Plaintiff's principal, Mr. Ronnie Hicks, that he did not see any hail damage to the buildings on the Insured Premises except for a small amount of damage on the roof of the 419 N. Royal St. structure. Approximately a week later, Mr. Beam sent Mr. Hicks an estimate to repair damage to the 419 N. Royal St., totaling $4,039.50 replacement cost value. Mr. Beam left Mr. Hicks with the impression that no insurance proceeds would be owed except for what he estimated on 419 N. Royal Street. Plaintiff, via Mr. Hicks, expressed its disagreement with Defendant's conclusions and specifically asked Mr. Beam about leaks that were

not present before the hailstorm, with specific reference to leaks in the Butler Building warehouse at 411 N. Royal St.

21.     As time went on, more leaks began to surface at the Insured Premises, and Mr. Hicks contacted his insurance agent, Jim Wilson, to complain about Mr. Beam's handling of the claim.

22.     Mr. Wilson suggested that Mr. Hicks contact a roofing contractor to inspect the buildings located on the Insured Premises. In response to that, Mr. Hicks contacted several reputable roofers in the Jackson area to inspect the buildings, all of which concluded that the buildings were damaged. Some roofers would not even inspect the roof when they learned that Adam Beam was the adjuster on the claim.

23.     Mr. Hicks then contacted his insurance agent, Jim Wilson, again to complaint about the lack of payment for the hail damage to the buildings. Mr. Wilson connected Mr. Hicks with Defendant's local claims supervisor, Bill Wooten. Mr. Hicks informed Mr. Wooten that he was displeased with Mr. Beam's attitude and manner that Mr. Beam was handling the claim.

24.     In late January 2018, Defendant sent Doug Kineman to inspect the Insured Premises. Plaintiff believed that Mr. Kineman was a new adjuster that had been assigned the claim. After questioning Mr. Kineman during his visit, Plaintiff learned that Mr. Kineman worked for a company called Reliable Reports and had nothing at all to do with the storm damage claim, but instead he had been sent to the property to conduct an underwriting inspection. Plaintiff allowed Mr. Kineman to inspect the Insured Premises as he requested.

25.     In February 2018, Plaintiff received the report prepared by Mr. Kineman, which made certain recommendations concerning the repair and maintenance of the structures located on the Insured Premises. One of the recommendations was for the replacement of moisture-stained

ceiling tiles in several places. Of course, the ceiling tiles were moisture damaged because of the leaking that had occurred since the Loss. Another of the recommendations was for replacement of several of the roof coverings on the insured buildings, which were also damaged as a result of the Loss. Defendant later sent Plaintiff a "Notice of Cancellation" and cancelled Plaintiff's insurance because Defendant was "unable to verify compliance with [the recommendations made by Mr. Kineman]."

26.    In March 2018, an independent adjuster, Scott Wood with TW Claims Group, contacted Plaintiff and advised that Defendant had engaged him to inspect the buildings for storm damage caused by the Loss. Mr. Wood encouraged Plaintiff to engage a contractor and indicated that he would then inspect the buildings with Plaintiff's contractor.

27.    Later in 2018 after Plaintiff secured a contractor, Mr. Wood inspected the Insured Premises. During the inspection, Defendant's adjuster acknowledged damage to the buildings, and thereafter produced an estimate to repair the damage that totaled $225,838.44. Mr. Wood agreed that the damage included in his estimate was hail damage that was consistent with the hailstorm of December 28, 2016. Mr. Wood's estimate was generally consistent with a repair estimate prepared by Plaintiff's contractor, which totaled $231,995.02.

28.    Mr. Wood reported his findings to Defendant's adjuster, Adam Beam, who advised Mr. Wood that Defendant would now require an appraisal of each structure to determine whether the Policy's coverage amounts satisfied the Policy's co-insurance provisions (which is a clause requiring that the buildings be insured to a certain percentage of the buildings' value for replacement cost coverage). Defendant then conducted an appraisal and several weeks later determined the coinsurance requirements were indeed fulfilled.

6

29.     Also, in response to Mr. Wood's reporting to Defendant regarding the severity of the storm damage, Defendant engaged an engineering company to inspect the buildings.  The engineer concluded that several of the buildings were damaged by hail and that others were not or had been damaged by other hail storms prior to the December 2016 hail event.  Specifically, the engineer engaged by Defendant concluded as follows:

   a.   419 N. Royal St. - both the north and south roof slopes damaged by hail

   b.   411 N. Royal St. – coating on metal roof damaged by hail

   c.   407 N. Royal St. – no hail damage to the metal roof decking

   d.   401 N. Royal St. – modified bitumen roll roofing and metal roof components damaged by hail impacts but no hail damage to the modified bitumen asphalt roof membrane

   e.   367 N. Royal St. – no hail damage

   f.   239 E. Orleans St. – hail damage to the asphalt shingle system

30.     The engineer's conclusions substantially differed from the estimate prepared by Mr. Wood.  Upon receipt of the engineer's report, Defendant instructed Mr. Wood to modify his estimate to include only certain portions of the damage, which he did.  The modifications to the report caused the estimate to decrease from $225,838.44 to $28,608.42.

31.     A portion of the disparity between Mr. Wood's original estimate and Mr. Wood's revised estimate was caused by Defendant's instruction to Mr. Wood to exclude certain slopes and elevations on the buildings on the basis that the hail damage was caused by a prior event.  Even if that were true, such damage would still be covered because Defendant insured Plaintiff for more than a decade prior to the Loss.

32.     Thereafter, in November 2018, Defendant sent Plaintiff partial payments for the Loss totaling $14,350.33 but has failed to fully pay and indemnify Plaintiff pursuant to the terms of the Policy.

33.     Afterwards, Plaintiff requested that Defendant provide it with all documents and photographs regarding the claim, the report prepared by Defendant's engineer, all estimates obtained by Defendant, and all log notes associated with Plaintiff's claim. On Defendant's behalf, Mr. Beam sent Plaintiff the engineer's report but refused to provide the other documentation requested.

34.     There is no reasonable coverage dispute or other justifiable reason for Defendant's failure to pay Plaintiff's claim associated with the damage sustained.

35.     Defendant's failure to timely pay Plaintiff the amount owed pursuant to the Policy is without justification.

36.     Defendant's failure to pay the money and benefits due and owing Plaintiff under the Policy has caused it to initiate this lawsuit to recover the insurance proceeds to which it is entitled.

37.     As a direct and proximate cause of Defendant's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy and other such costs and expenses incurred as a result of Defendant's wrongful conduct.

## CAUSES OF ACTION

### Count I – Breach of Contract

38.     The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference, as if set forth verbatim.

39.     The Policy is a binding contract and is supported by valid consideration.

8

40.     Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff under the Policy for the storm-caused damage that occurred while the subject buildings were insured by Defendant.  Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as required by the terms of the Policy.

41.     As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises, as well as consequential damages, plus interest thereon.

42.     Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that it has been unable to replace much of the damage caused by the Loss as a result of the financial hardship unduly placed upon it as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

43.     Plaintiff has mitigated its losses to the extent possible.

44.     Defendant is liable to Plaintiff for its losses.

45.     Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013).  Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information and generally ignored Plaintiff's

claim; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) failed to promptly provide Plaintiff with a reasonable explanation for its refusal to fully pay Plaintiff's claim; (8) failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (9) made insufficient payments on the claim which Defendant knew did not properly indemnify Plaintiff; and (10) engaged in a course of conduct intentionally designed to minimize the amounts paid to Plaintiff. Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due it under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously refused to fully compensate Plaintiff for its losses, and withheld monies and benefits rightfully due Plaintiff. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interest and should be punished. Plaintiff seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendant requiring it to answer or otherwise respond in the time period allotted by law, and that this Honorable Court award judgment against Defendant as follows:

      A.     For compensatory damages not to exceed $300,000;

      B.     For punitive damages not to exceed $3,000,000;

      C.     For all costs incurred as a result of this action;

      D.     For pre- and post-judgment and interest; and

      E.     For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury of its peers.

Respectfully submitted,

GILBERT McWHERTER
SCOTT BOBBITT PLC

J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
JONATHAN L. BOBBITT #23515
jbobbitt@gilbertfirm.com
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
(615) 354-1144

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 N. Highland Avenue
Jackson Tennessee 38301
(731) 664-1340

*Attorneys for Plaintiff*

## COST BOND

This firm stands for costs in this cause.

GILBERT McWHERTER SCOTT BOBBITT, PLC

STATE OF TENNESSEE
COUNTY OF MADISON
I, Pam Carter, Clerk & Master of the
Chancery Court at Jackson, Tennessee, certify
that the foregoing and attached is a true copy
of the _____
of record in this case.
This _____ day of _____, 20____
PAM CARTER
CLERK & MASTER
BY_____
                              D.C. & M.

11

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OWNERS INSURANCE CO
Y. COMMISSIONER OF INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 3820 8032 7096 68

2. Article Number (Transfer from service label)

7015 1730 0000 3516 4014

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  C & I Iron Greene  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  FEB 0 4 2019  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

USPS TRACKING #

9590 9402 3820 8032 7096 68

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

GILBERT FIRM
54 EXETER RD. STE D
JACKSON, TN 38305

MMS
(COI)

SERVICE COPY - RETURN TO CLERK

| Madison County<br>Chancery Court<br>Jackson, Tennessee | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>page 1 of 1 | Case Number<br>77393 |
|---|---|---|

### R.W. HICKS ENTERPRISES, INC. v. OWNERS INSURANCE COMPANY

Serve On:

**OWNERS INSURANCE COMPANY**
**500 James Robertson Parkway**
**Nashville, TN 37243-0565**

IF YOU HAVE A DISABILITY
AND REQUIRE ASSISTANCE,
PLEASE CALL
731-988-3070

You are hereby summoned to defend a civil action filed against you in Circuit Court, Sevier County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _____ Dec 28, 2018 _____

**PAM CARTER, CLERK & MASTER**

Clerk / Deputy Clerk By Shawta Penn

Attorney for Plaintiff:   J. Brandon McWherter, Gilbert Russell McWherter Scott Bobbitt PLC
341 Cool Springs Blvd., Suite 230, Franklin TN  37067

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to   _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

_____
Clerk / Deputy Clerk

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

_____

Date: _____   By: _____
                               Officer, Title

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on JAN. 20, 2019 , I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant OWNERS INS. (CO) On FEB. 13, 2019 I received the return receipt, which had been signed by AI WEN GREENE FEB 4, 2019 . The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: FEB. 15, 2019

_____ Sarah Stigall
Signature of Plaintiff     Notary Public / Deputy Clerk (Comm. Expires 10 19 (CE))

Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

SARAH STEGALL
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF MADISON

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____*

Rev. 03/11

# EXHIBIT 2

12067-88119 (BDB)

## IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE
## FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

R.W. HICKS ENTERPRISES, INC.,

     Plaintiff,

v.

OWNERS INSURANCE COMPANY,

     Defendant.

**Docket No. 77393**
**JURY DEMANDED**

---

## AFFIDAVIT OF ADAM BEAM

---

Comes now the Affiant, Adam Beam, and having been duly sworn, deposes and states the following upon his personal knowledge.

1.    I am Adam Beam, I am over eighteen years of age, and I am otherwise competent to execute this Affidavit.

2.    I am an adjuster for Owners Insurance Company, the Defendant in the above-referenced lawsuit, which arises out of an insurance claim which Plaintiff filed for property damage coverage resulting from alleged storm damage to his property, which damage allegedly occurred on or about December 28, 2016 and/or March 27, 2017 in Jackson, Madison County, Tennessee.

3.    Owners Insurance Company is an Ohio corporation with its principal place of business in Lima, Allen County, Ohio.

4.    Owners Insurance Company has not been served with a copy of the summons and complaint in this case.

Scanned with CamScanner

5.      Owners Insurance Company first learned that this lawsuit had been filed on April 9, 2019.  On that date, Plaintiff's counsel sent a copy of the complaint to Owners Insurance Company by e-mail.

6.      Owners Insurance Company had not been served with a copy of the summons and complaint in this case nor did it have actual notice of this lawsuit having been filed against it before April 9, 2019.

.       And further Affiant sayeth not.

OWNERS INSURANCE COMPANY, an Ohio Corporation

BY: _____
       ADAM BEAM, Adjuster

STATE OF TENNESSEE

COUNTY OF MADISON

Appeared before me Adam Beam, with whom I am personally acquainted or who proved his identity to me upon sufficient identification, and swore that this affidavit was true and correct and based upon his personal knowledge and that he was authorized by Owners Insurance Company to execute this affidavit on its behalf.

_____
NOTARY PUBLIC

My Commission expires: ___8-25-2020___



2

**Scanned with CamScanner**

# EXHIBIT 3

12067-88119 (BDB)

**IN THE CHANCERY COURT OF MADISON COUNTY, TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON**

R.W. HICKS ENTERPRISES, INC.,

    Plaintiff,

v.

                                   Docket No. 77393
                                   JURY DEMANDED

OWNERS INSURANCE COMPANY,

    Defendant.

---

**NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

---

To:    Pam Carter, Clerk
       Madison County Chancery Court
       100 East Main Street, Room 200
       Jackson, TN 38301

       Defendant Owners Insurance Company hereby gives notice that it has removed this action to

the United States Court for the Western District of Tennessee, Eastern Division, by filing a Notice of

Removal in that Court.  A copy of the Notice of Removal is attached hereto as Exhibit A and is

incorporated herein by reference.

                                         Respectfully submitted,

                                         RAINEY, KIZER, REVIERE & BELL, P.L.C.

                                         By: _____
                                               BRADFORD D. BOX, BPR #016596
                                             MICHAEL L. MANSFIELD, BPR #18781
                                             *Attorneys for Defendant*
                                             209 East Main Street
                                           P. O. Box 1147
                                           Jackson, TN  38302-1147
                                           (731) 423-2414
                                           bbox@raineykizer.com
                                           mmansfield@raineykizer.com

12067-88119 (BDB)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this pleading or document was served upon the

following counsel by mailing postage prepaid or by delivery to the person or office of such counsel.

J. Brandon McWherter
Jonathan L. Bobbitt
Gilbert  McWherter  Scott  Bobbitt, PLC
*Attorneys for Plaintiff*
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067

Clinton H. Scott
Gilbert  McWherter  Scott  Bobbitt, PLC
*Attorneys for Plaintiff*
101 N. Highland Avenue
Jackson, TN 38301

This  8th  day of  May, 2019.

_____

2

# EXHIBIT 4

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| R.W. Hicks Enterprises, Inc. | Owners Insurance Company |

**(b)**  County of Residence of First Listed Plaintiff   Madison, TN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Allen, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
J. Brandon McWherter, Clinton H. Scott, Jonathan L. Bobbitt
341 Cool Springs Blvd, Suite 230, Franklin, TN 37067
615-354-1144

Attorneys *(If Known)*
Bradford D. Box and Michael L. Mansfield
209 East Main Street, Jackson, TN 38301
731-423-2414

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | | ☐ 840 Trademark | Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Medical Malpractice | | ☐ 751 Family and Medical Leave Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | Employment | **Other:** | ☒ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1)
Brief description of cause:
Alleged breach of insurance contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
3,300,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
05/07/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ Michael L. Mansfield

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____